IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


EVELYN RENEE DUCKETT REDICK
AND JOCELYN RENEE CRIDELL,
INDIVIDUALLY AND ON BEHALF OF
THE HEIRS OF THE ESTATE OF DAISY
ORA DUCKETT, DECEASED                                                         PLAINTIFFS


VS.                                           CASE NO. 08-CV-4036


CRHISTUS HEALTH ARK-LA-TEX
d/b/a CHRISTUS ST MICHAEL
HEALTH SYSTEM                                                                 DEFENDANT


## ORDER

Before the Court is Plaintiffs' Motion to Remand.  (Doc. No. 17).  The Defendant has not responded to the motion.  The Court finds the matter ripe for consideration.

On March 17, 2008, the Plaintiffs filed this action in the Circuit Court of Miller County, Arkansas.  In the Complaint, Plaintiffs seek damages in excess of the minimum jurisdictional limits of state court.  On April 30, 2008, the Defendant filed a Notice of Removal to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiffs have filed a motion to remand, contending that federal jurisdiction is lacking because the $75,000 amount in controversy requirement of 28 U.S.C. §1332(a) has not been met.

A federal court is a court of limited jurisdiction.  A case may be removed from state to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case.  28 U.S.C. §1441(a).  Original jurisdiction exists when the case involves a federal question or diversity jurisdiction exists.  28 U.S.C. §§1331, 1332.  Diversity jurisdiction exists

when the controversy is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a). In this case, removal was based solely upon diversity jurisdiction.

Plaintiffs claim that diversity jurisdiction does not exist in this case because the amount in controversy does not exceed $75,000. In determining whether the amount in controversy is satisfied, the courts look to the plaintiff's pleadings at the time of removal. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 282, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Here, the Plaintiffs did not allege in their Complaint a sum certain for damages but merely alleged that damages met the jurisdictional requirement of state court. When it is not facially apparent from the complaint that the amount in controversy exceeds $75,000, the federal courts may look to other sources to make this determination, including deposition testimony, answers to interrogatories, statements by counsel, stipulations, settlement offers and other correspondence between the parties. *Radmer v. Aid Association for Lutherans,* 2000 WL 33910093 *2 (W.D.Mo. April 27, 2000). Here, the Plaintiffs have stipulated that their damages in this case will not exceed $75,000, excluding interest and costs. (Doc. 18-2; Declaration of Plaintiff's Counsel). The Defendant has not presented any evidence to the contrary.[1] Therefore, the Court finds that the amount in controversy in this case does not exceed the $75,000 required by 28 U.S.C. § 1332. Accordingly, this Court lacks subject matter jurisdiction of this case and it must be remanded to state court.

---

[1] When the plaintiff has failed to specify a total damage amount in the complaint, it is the removing defendant's burden to prove by a preponderance of the evidence that the amount in controversy is greater that $75,000. *In re Minn. Mut. Life Ins. Co. v. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir.2003).

For the reasons stated herein, the Court finds that the Plaintiffs' Motion to Remand should be and hereby is **granted**. This matter is hereby **remanded** to the Circuit Court of Miller County, Arkansas for a proper adjudication of the issues in this case.

IT IS SO ORDERED, this 26th day of January, 2009.

                                          /s/Harry F. Barnes
                                          Hon. Harry F. Barnes
                                          United States District Judge